UNITED STATES JUDICIAL PANEL

ON

MULTIDISTRICT LITIGATION

IN RE: RANGE VIEW MANAGEMENT, LLC, ET AL., TELEPHONE CONSUMER PROTECTION ACT (TCPA) LITIGATION

MDL No. 3123

**ACTING CHAIR**
**Nathaniel M. Gorton**
**United States District Court**
**District of Massachusetts**

**MEMBERS**

**David C. Norton**
**Unite States District Court**
**District of South Carolina**

**Matthew F. Kennelly**
**United States District Court**
**Northern District of Illinois**

**Roger T. Benitez**
**United States District Court**
**Southern District of California**

**Dale A. Kimball**
**United States District Court**
**District of Utah**

**Madeline Cox Arleo**
**United States District Court**
**District of New Jersey**

**APPEARANCES**:

Mr. Brent R. Phillips, ESQ
Phillips Law Corporation
Santa Ana, CA

Ms. Mona Amini, ESQ.
Kazerouni Law Group, APC
Costa Mesa, CA

JUDGE GORTON: Next up is 3123, In Re: Range View Management LLC, et al., Telephone Consumer Protection Act Litigation.

I'll give a chance for counsel to come forward. I believe it's Mr. Phillips, who is to lead off.

Mr. Phillips.

MR. PHILLIPS: Good morning, Your Honor. Brent Phillips on behalf of moving parties Range View Management, Better Debt Solutions and Better Tax Relief.

We're here seeking consolidation of the multiple cases in the Western District of Texas.

The Court is going to be looking at three factors. First and foremost, is there a common issue of fact. And these are -- all the facts are identical. They're all TCPA cases involving interrelated entities owned by the same companies. Convenience of the parties and the judiciary. The -- none of the defendants live in the Central District. The opposing parties would like the cases moved to -- in fact, all of the plaintiffs -- the majority of the named plaintiffs actually live in the Western District. So it's definitely going to be more convenient for the parties because -- there are also two class action cases. They do have one named plaintiff, and the other one there was four named plaintiffs. But, again, all the individual plaintiffs live in the Western District.

One of the issues that they make -- argue extensively is that I have an office in Southern California. But I am not going to be the lead attorney on the litigation. That's going to be the Silverman firm in Texas. And opposing party, they also have an office in Texas. So I don't quite understand why they're making an issue of the fact that I have an office and it will be more convenient to have it in the Central District, when it -- actually for the attorneys, the parties, and the judiciary, it would be much more convenient in the Western District. And the final factor is inconsistent rulings. As I mentioned, we have multiple class actions. And there is the -- there's obviously a potential for inconsistent class certification and other pretrial rulings.

JUDGE GORTON: Thank you. Mr. Phillips.

Any questions? Hearing none.

You have one minute for rebuttal. Thank you.

MR. PHILLIPS: Okay.

JUDGE GORTON: Ms. Amini?

MS. AMINI: Good morning, Members of the Panel.

JUDGE GORTON: Good morning.

MS. AMINI: I represent plaintiffs in the Collins, et al., action. I'm located in the Central District of California.

It is plaintiffs' position that transfer and

centralization in the Western District of Texas for this case is both unnecessary and not appropriate. And plaintiffs request the defendants' motion be denied.

There's simply a minimal number of cases involved here. Defendant has recognized that the individual pro se actions, which are pending in various district courts in Texas, are subsumed by the two class action cases. One being the Penn case pending in the Northern District of Texas, and the other being my firm's case, the Collins case, pending in the Central District of California.

The discovery in these actions is unlikely to be unusually burdensome as to defendant. And the parties can easily informally coordinate to allow -- to make defendant's production and depositions convenient for all parties.

The limited number of counsel involved in the cases, as well as the limited number of cases altogether also suggest that voluntary informal coordination of discovery and pretrial proceedings is feasible, particularly given that the cases are relatively at the same procedural posture, essentially at the stage where all cases are discussing scheduling of discovery and have not meaningfully progressed in one district more so than another.

Although the related actions do share some factual issues, mainly regarding defendant's consent and business -- I'm sorry -- policies and procedures regarding obtaining

consent and their telemarketing, each of the actions present unique factual issues regarding how consent was obtained from each of the plaintiffs, and the applicability of arbitration provisions for certain plaintiffs, which will differ from case to case.

Transfer will not be convenient for the parties or counsel. My firm is mainly located in the Central District of California. Each of the defendants are located in the Central District of California. Defendant's counsel, he has stated that he will not be appearing as lead counsel on this case if it is centralized, but for the meantime he is the attorney in the Central District case, and he is located in the Central District of California. Also, the conduct giving rise to all plaintiffs' allegations arose from that forum as well.

In the alternative -- thus plaintiffs believe that in the alternative, in the event the Court is inclined to have these cases centralized before a single transferee Court, the most appropriate forum would be the Central District of California, since that's where all the parties, and the majority of the documents, witnesses and evidence will likely be located, and also where other future actions may also arise.

If the defendant's goal is to minimize costs for the parties, keeping the Collins action in the Central

District of California will serve that objective. In contrast, travel to Texas for plaintiff's counsel, as well as plaintiffs, none of which in plaintiff's case, or the Collins case, are located in Texas, would multiply costs. And defendants have no connection to Texas themselves, as well.

THE COURT: Thank you, Ms. Amini. Your time is up.

MS. AMINI: Thank you.

JUDGE GORTON: But I have a question. You say the parties can cooperate. The real question is are you willing -- are the plaintiffs willing to cooperate with the parties in the other actions on discovery and scheduling?

MS. AMINI: Plaintiffs in the Collins action absolutely are. Yes.

JUDGE GORTON: Any other questions?

Judge Benitez.

JUDGE BENITEZ: Have there been attempts to coordinate so far, and how have those attempts gone?

MS. AMINI: There have not been so far. Earlier on, the Court may recognize that there was the Rapp action, as well as the Collins action. My firm has consolidated those two actions together. So those have minimized the number of cases, and that will, of course, help streamline discovery for all those -- four plaintiffs involved in those two cases combined.

JUDGE GORTON: Judge Kimball.

JUDGE KIMBALL: Judge Benitez just asked my question.

JUDGE GORTON: Any other questions?

I knew that.

Thank you, Ms. Amini.

MS. AMINI: Thank you very much.

JUDGE GORTON: Mr. Phillips, you have one minute for rebuttal.

MR. PHILLIPS: Just a couple of quick items.

The greatest fear in this situation -- we've got potential motions to compel arbitration, and there's also class actions. They've got -- the first to file was in the Northern District of Texas. If anything, that class action takes precedence over the opposing party's class action, which warrants being moved to Texas. Also, for the convenience of witnesses. The major- -- the Collins case, you've got four plaintiffs. They all live in either North Dakota, Indiana, Pennsylvania or Florida. So the majority of the actual witnesses live closer, if not in the Central -- the Western District of Texas. Western District of Texas has litigated -- actually been involved in multiple cases in that jurisdiction, and they're very experienced in this type of litigation. And like I -- as I mentioned, they are all identical cases, basically, and they should be moved to the

Western District of Texas.

JUDGE GORTON: Thank you.

Judge Arelo.

JUDGE ARLEO: Do you know what the position is of the plaintiffs in the Texas case? Plaintiff's counsel, what is their position in the Texas case?

MR. PHILLIPS: Oh. He does not oppose it being moved. It's in the Northern District. He's fine with moving it to the Western District. And again, they have an office in the Western District, so I don't -- I'm sorry. Opposing party has an thank you office in Texas, so I don't quite understand why they're making it an issue. We have lead counsel in Texas. They're litigating multiple, you know, districts -- they have a class action nationwide class. I don't see why they -- taking such an extreme position of what appear -- nationwide; what's the problem with moving it to the Western District.

THE COURT: Thank you, Mr. Phillips.

I believe that concludes the argument on MDL 3123.

MR. PHILLIPS: Thank you.

REPORTER'S CERTIFICATE

I, Lise S. Matthews, Official Court Reporter for the United States District Court for the Middle District of Tennessee, with offices at Nashville, do hereby certify:

That I reported on the Stenograph machine the proceedings held in open court on September 26, 2024, in the matter of IN RE: RANGE VIEW MANAGEMENT, LLC, ET AL., TELEPHONE CONSUMER PROTECTION ACT (TCPA) LITIGATION, MDL NO. 3123; that said proceedings in connection with the hearing were reduced to typewritten form by me; and that the foregoing transcript (pages 1 through 9) is a true and accurate record of said proceedings.

This the 9th day of October, 2024.

/s/ Lise S. Matthews
LISE S. MATTHEWS, RMR, CRR, CRC
Official Court Reporter